JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>EDWARD RAY PRINCE,<br><br>Defendant. | Case No. 2:23-cr-00088-AKB<br><br>**GOVERNMENT'S SENTENCING RECOMMENDATION** |

The Government recommends that the Court sentence the Defendant to 138 months of imprisonment with 20 years of supervised release.

**INTRODUCTION**

On March 21, 2023, a grand jury indicted the Defendant for the crimes of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and Possession of Obscene Visual Representation of the Sexual Abuse of Children in violation of 18 U.S.C. 1466A(b)(1). (ECF No. 1). The child pornography possession count included an enhancement for possessing prepubescent child pornography. (ECF No. 1). On September 11, 2023, the Defendant entered a

**GOVERNMENT'S SENTENCING RECOMMENDATION - 1**

guilty plea to possessing child pornography. He is set for sentencing on December 18. 2023 before this Honorable Court.

## FACTUAL BACKGROUND

This case began with Cybertips. In December of 2021, a concerned social media company noted that the Defendant was using their platform to exchange and possess child pornography. (Exhibit No. 1). Law enforcement secured a search warrant for two of the Defendant's online accounts. (Exhibit No. 2). Therein, they found a significant quantity of child pornography. *Id*. Through investigation and search warrants, they also discovered that the Defendant possessed prepubescent child pornography. (Exhibit No. 4, pg. 3). In addition to his collection, law enforcement also found that the Defendant was an active participant in online child pornography communities.

The Defendant participated by writing many disturbing things regarding sexual offenses against children. For example, the Defendant held himself out to other child pornographers as having raped his fictional 11-year-old daughter. He boasted that "she bled good" after intercourse. (Exhibit No. 2, pg. 2). Additionally, he encouraged others to victimize children. The Defendant instructed another child pornographer to sneak into his sister's room and "cum on her hair and in her toothbrush". (Exhibit No. 2, pg. 3). The Defendant ostensibly offered higher quality of child pornography as an incentive. *Id*. Moreover, the Defendant was a prolific in distributing child pornography. (Exhibit No. 1). He was actively trading in large groups on social media. *Id*.

Based on information gathered from search warrants, law enforcement interviewed the Defendant while he was incarcerated with the Idaho Department of Corrections on other charges. (Exhibit No. 3). This interview took place on March 8, 2022. Prior to his interview, law

**GOVERNMENT'S SENTENCING RECOMMENDATION - 2**

enforcement provided him his *Miranda* warnings. *Id*. The Defendant made admissions to the crime. *Id*. During this interview, the Defendant further stated that he did not view child pornography as tremendously wrong. (Exhibit No. 3, pg. 4).

After being released from the Idaho Department of Corrections and despite being aware that he was being investigated for child pornography crimes, the Defendant resumed his criminal behavior. On December 22, 2023, the Idaho Internet Crimes Against Children (ICAC) task force received information from the Federal Bureau of Investigation (FBI) that the Defendant was chatting with an undercover special agent. (Exhibits No. 4 & 5). Starting on November 4, 2022, the Defendant unknowingly chatted with an undercover FBI agent. In their communications, the Defendant expressed deviant sexual fantasies involving incest, rape, and the sexual abuse of children. (Exhibit No. 5).

The Defendant was indicted on March 20, 2023 and a warrant issued for his arrest. Law enforcement searched his residence after his arrest. Therein, they found a phone that contained child pornography. (Exhibit No. 4, pg. 5). Again, the Defendant was arrested and provided his *Miranda* warnings. He agreed to speak with law enforcement.

During this second interview, the Defendant admitted to the sexual conversations regarding children and claimed it was role play. (Exhibit No. 4, pp. 4-5). He further admitted to frequenting groups where deviant sexual interests are discussed in groups and individually. (Exhibit No. 4, pg. 5). The Defendant stated he spoke with a 17-year-old girl who had sent him images. *Id*. The Defendant further claimed that he sent and received child sexual abuse materials around October and November of 2022 due to his drug usage. *Id*.

//

//

**GOVERNMENT'S SENTENCING RECOMMENDATION - 3**

## LEGAL ANALYSIS

In *United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008), the Ninth Circuit set forth a basic framework that district courts should follow to comply with *United States v. Booker*, 543 U.S. 220 (2005) and progeny. Its guidance is summarized as follows:

(1)     Courts are to begin all sentencing proceedings by correctly determining the applicable sentencing guidelines range, precisely as they would have before *Booker*.

(2)     Courts should then consider the 18 U.S.C § 3553(a) factors to decide if they support the sentence suggested by the parties.  Courts may not presume that the guidelines range is reasonable.  Nor should the guidelines factors be given more or less weight than any other.  The guidelines are simply to be treated as one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence.

(3)     If a court decides that a sentence outside the guidelines is warranted, then it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.

(4)     Courts must explain the selected sentence sufficiently to permit meaningful appellate review.

*Carty*, 520 F.3d at 991-92.

## SENTENCING CALCULATION

### I.      Statutory Maximum and Minimum Sentence

- A term of imprisonment of up to 20 years;

- A term of supervised release of not less than five years and up to life; and

- A maximum fine of $250,000, and a special assessment of $5,100.

### II.      United States Sentencing Guidelines Calculation

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

**GOVERNMENT'S SENTENCING RECOMMENDATION - 4**

    A.      <u>Offense Level Calculation</u>

- 33 (31 with a computer-related variance related to USSG § 2G2.2(b)(6))

    B.      <u>Criminal History Calculation</u>

- III

    C.      <u>Advisory Guideline Range</u>

- 168-210 months (138-168 months with a computer-related variance related to USSG § 2G2.2(b)(6))

## IMPOSITION OF SENTENCE

**I.**      **<u>Imposition of a Sentence under 18 U.S.C. § 3553</u>**

The Government recommends a sentence of 138 months with 20 years of supervised release. The Government makes its recommendation predicated on the 18 U.S.C. § 3553(a) factors. The nature and circumstances of the offense warrant a 138-month sentence for the following five reasons. *See* 18 U.S.C. § 3553(a)(1).

First, the quality of the Defendant's child pornography is alarming. He had a wide variety of sexually exploitative imagery, to include child pornography with toddlers.(Exhibit No. 4, pg. 3). Second, the Defendant had a considerable quantity of child pornography. The Defendant had over 600 images per USSG § 2G2.2(b)(7)(D). (ECF No. 33, pg. 6). Third, the Defendant's written content betrays his deep paraphilic interests. For example, he wrote the FBI agent that he "… loved sending my daughter to school filled with cum". (Exhibit No. 5, pg. 1). He progressed to implying that he rapes children using "NyQuil and a part of Xanax…" (Exhibit No. 5, pg. 2). Overall, his communications reveal a deep-seeded paraphilic interest that warrants significant prison time. Fourth, the Defendant repeatedly and frequently shared child pornography with others. (Exhibits Nos. 1, 2, & 3). His spread of child pornography contributed to a vicious cycle

**GOVERNMENT'S SENTENCING RECOMMENDATION - 5**

of abuse. Fifth, the Defendant would actively encourage others to engage in violative behaviors. For example, he encouraged another social media to "cum on her hair and in her toothbrush" in. (Exhibit No. 2, pg. 3). All these reasons amply support a sentence of 138 months.

Additionally, the history and characteristics of the Defendant support a 138-month sentence. 18 U.S.C. § 3553(a)(1). The Defendant has a lengthy criminal history. His history includes drug offenses, violent crimes, and theft. (ECF No. 33, pp. 6-11). This fact does not inspire hope in ready rehabilitation. Additionally, his history proves concerning sexual characteristics. The Defendant enmeshed himself in online communities that endorse, encourage, and facilitate the sexual abuse of children. (Exhibit Nos. 1-3, & 4). By joining in and participating in a behavior-reinforcing group, he internalizes and normalizes the offending behavior making it likelier that he will reoffend. This characteristic is not only deducible from the evidence, but it is observed in the facts of this case. For example, the Defendant was interviewed by law enforcement while he was in custody on March 8, 2022. (Exhibit No. 3). From this interview, he was aware that he was a suspect. This fact and the threat of punishment did not dissuade him, as he was released from prison and quickly reoffended in the fall of 2022. (Exhibit Nos. 4 & 5). Such incorrigibility urges a lengthy prison sentence. Moreover, the Defendant sentiment to his crime shows a gross lack of remorse. He described his crime as not being tremendously wrong. (Exhibit No. 3, pg. 4; Exhibit No. 4, pg. 2). In conclusion, the history and characteristics of the Defendant warrant a 138-month sentence.

A lengthy sentence is needed in this case to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. 18 U.S.C. § 3553(a)(2)(A). This offense involves the sexual victimization of children. This is one of society's most serious offenses. The Defendant repeatedly and flagrantly committed this crime. The many victims of

**GOVERNMENT'S SENTENCING RECOMMENDATION - 6**

the Defendant's crime deserve justice that is best accomplished by a lengthy prison sentence. A prison sentence will reflect the care and value society places on our children. The punishment exacted in a prison sentence will recognize the lifelong harms the Defendant inflicted on his child victims.

Deterrence would also be served by a 138-month sentence. Based on the nature of Defendant's crime and conduct, there is a compelling need to deter future similar conduct by him and other like-minded individuals with an interest in child pornography. There is also a strong need to stop the supply and demand in the child pornography market to protect all minor victims from being re-victimized through the repeated viewing of the sexual abuse they endured. Individuals who look to exploit children for their sexual desires must be deterred by the criminal justice system. A significant sentence of imprisonment is necessary to deter the Defendant and others from sexually exploiting children, and to protect children from further exploitation by the Defendant.

Lastly, a 138-month sentence will provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(D). During his period of incarceration, it is likely that the Bureau of Prisons will provide him with counseling to treat his many afflictions. The sentence recommended by the Government will keep the Defendant in a secure environment and grant time to help prosocial changes take root.

A.    Application of the Guidelines in Imposing a Sentence under 18 U.S.C. § 3553(b)

A within-guidelines sentence in this case will properly reflect the accumulated wisdom and expertise of the Sentencing Commission and serve the vital goal of uniformity and fairness in sentencing.  The guidelines, formerly mandatory, now serve as one factor among several that

**GOVERNMENT'S SENTENCING RECOMMENDATION - 7**

courts must consider in determining an appropriate sentence. *Kimbrough v. United States*, 552 U.S. 85, 90 (2007). Nonetheless, "the Guidelines Commission fills an important institutional role: It has the capacity courts lack to base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise." *Id.* at 108-09 (internal quotation marks omitted). Thus, "the Guidelines Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)).

The guidelines are the sole means available for assuring some measure of uniformity in sentencing, thereby fulfilling a key congressional goal in adopting the Sentencing Reform Act of 1984. Reference to the guidelines, while carefully considering the § 3553(a) factors, is the only available means of preventing the disfavored result of basing sentences on the luck of the draw in judicial assignments. Therefore, "district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall*, 552 U.S. at 50 n.6.

The guidelines deserve significant respect. The Government recognizes that the guidelines are entirely advisory, and that a district court has discretion to vary from an advisory range, subject only to deferential appellate review for reasonableness. A district court, however, must consider the guidelines range, *see* § 3553(a)(4), and is usually well-advised to follow the Sentencing Commission's advice in order to assure fair, proportionate, and uniform sentencing of criminal offenders. Moreover, there are no other § 3553(a) factors in this case which mitigate against imposition of a sentence within that range; to the contrary, the § 3553(a) factors on balance support the imposition of the recommended guidelines sentence. Accordingly, the Government recommends a within-guideline sentence of 138 months.

**GOVERNMENT'S SENTENCING RECOMMENDATION - 8**

## **CONCLUSION**

Application of 18 U.S.C. § 3553 supports a sentence of 138 months for the Defendant's commission of the crime of Possession of Child Pornography.  The Government submits that a sentence of  months is sufficient, but not greater than necessary, to accomplish the goals of sentencing, and that a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

Respectfully submitted this 11th day of December, 2023.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:


*/s/ David G. Robins*
DAVID G. ROBINS
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO

**GOVERNMENT'S SENTENCING RECOMMENDATION - 9**